UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONA ANN PROTZEL, | No. 2:14-cv-02875-KJM-AC |
| Plaintiff, | |
| v. | ORDER |
| ALAW, et al., | |
| Defendants. | |

Plaintiff, proceeding in this action pro se, has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. ECF No. 4. This proceeding was referred to this court by Local Rule 302(c)(21). Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227–28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an

1

1 indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
2 490 U.S. at 327.

3      A complaint, or portion thereof, should only be dismissed for failure to state a claim upon
4 which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in
5 support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467
6 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45–46 (1957)); Palmer v. Roosevelt
7 Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under
8 this standard, the court must accept as true the allegations of the complaint in question, Hospital
9 Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light
10 most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v.
11 McKeithen, 395 U.S. 411, 421 (1969).

12      Plaintiff filed her first application to proceed in forma pauperis along with her original
13 complaint on December 9, 2014.  ECF No. 1 & 2.  On December 19, 2014, plaintiff filed a first
14 amended complaint ("FAC") along with a second application to proceed in forma pauperis,
15 superseding her original filings.  ECF No. 3 & 4; see also Lacey v. Maricopa Cnty., 649 F.3d
16 1118, 1137 (9th Cir. 2011) on reh'g en banc, 693 F.3d 896 (9th Cir. 2012) ("The amended
17 complaint supersedes the original, the latter being treated thereafter as nonexistent." (citation
18 omitted)).

19      Plaintiff's FAC contains claims against defendants ALAW, Select Portfolio Servicing
20 Inc., Parkview Edge Properties, Inc., "John Does 1-10,"[1] and U.S. Bank, N.A.[2] for violations of

---

[1] "As a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980).  However, the Ninth Circuit has held that where identity is unknown prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities or that the complaint would be dismissed on other grounds.  Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing Gillespie, 629 F.2d at 642).  Once plaintiff has learned Doe defendants' identities through discovery, she may move to file an amended complaint to add them as named defendants.  See Brass v. Cnty. of Los Angeles, 328 F.3d 1192, 1195–98 (9th Cir. 2003).

[2] Plaintiff's FAC also contains allegations against an individual, Robert T. Matsui, who is not named in the caption. ECF No. 3 at 10, 12.  Federal Rule of Civil Procedure 10(a) requires that the name of each defendant be included in the caption of the complaint.  See Ferdik v. Bonzelet, (continued…)

the Real Estate and Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605(e); the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*; and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788.17. ECF No. 3 at 1–27. Plaintiff also asserts the claim of replevin against defendant U.S. Bank, N.A. ECF No. 3 at 27–28. The court finds that plaintiff has failed to state a claim for relief under any of her causes of action for the following reasons.

I.  The Real Estate and Settlement Procedures Act

Plaintiff has failed to state a claim for relief under RESPA because she does not allege that (1) defendants are loan servicers; (2) she sent defendants a request that qualifies as a qualified written request ("QWR"); and (3) she suffered any actual, pecuniary damages resulting from defendants' alleged RESPA violations.[3]

RESPA provides that borrowers must be provided certain disclosures relating to the mortgage loan settlement process. See 12 U.S.C. § 2601. § 2605 of RESPA relates to the disclosures and communications required regarding the servicing of mortgage loans, and provides that loan servicers have a duty to respond to QWRs from borrowers asking for information relating to the servicing of their loan. See 12 U.S.C. § 2605(e). Requests for documents and information "relating to the original loan transaction and its subsequent history" do not qualify as QWRs. Junod v. Dream House Mortgage Co., No. CV 11-7035-ODW VBKX, 2012 WL 94355, at *4 (C.D. Cal. Jan. 5, 2012); see also Consumer Solutions REO, LLC v. Hillery, 658 F. Supp. 2d 1002, 1014 (N.D. Cal. 2009) (dismissing the plaintiff's RESPA claim with prejudice after observing that the requirement "[t]hat a QWR must address the servicing of the loan, and not its validity, is borne out by the fact that § 2605(e) expressly imposes a duty upon the loan servicer, and not the owner of the loan."). However, the requirements of section 2605(e)(2) apply only to

---

963 F.2d 1258, 1262–63 (9th Cir.1992). Accordingly, the court does not construe plaintiff's FAC as asserting a claim against Mr. Matsui.

[3] Plaintiff requests statutory damages, however, "[t]o recover statutory damages, Plaintiff[] must plead some pattern or practice of noncompliance with RESPA." Lal v. Am. Home Servicing, Inc., 680 F. Supp. 2d 1218, 1223 (E.D. Cal. 2010). Plaintiff does not allege that defendants have engaged in any patterns or practices of noncompliance.

1  loan servicers.  A "loan servicer" refers to the person responsible for "receiving any scheduled

2  periodic payments from a borrower pursuant to the terms of any loan."  12 U.S.C. § 2605(i)(2),

3  (3).  In order to state a claim under RESPA a complaint must allege actual, pecuniary damages.

4  See, e.g., Lal v. Am. Home Servicing, Inc., 680 F. Supp. 2d 1218, 1223 (E.D. Cal. 2010).

5       Plaintiff alleges that she mailed requests to defendants at some undisclosed time asking

6  them to identify the original creditors of plaintiff's mortgage, and that defendants have failed to

7  respond to her requests.[4]  ECF No. 3 at 6, 8.

8       Plaintiff's allegations are insufficient to state claims for violation of RESPA for several

9  reasons.  First, plaintiff fails to allege that defendants are servicers.  Plaintiff does allege that, to

10  the best of her knowledge, "this mortgage lien is serviced by one or more of the named

11  defendants but that is uncertain as this information is not available to the plaintiff and partially

12  forms the basis of this complaint."  ECF No. 3 at 7, 9.  However, these allegations amount to an

13  admission that defendants may or may not be loan servicers, requiring that plaintiff's RESPA

14  claims against defendants be dismissed.  See, e.g., Gardner v. Am. Home Mortgage Servicing,

15  Inc., 691 F. Supp. 2d 1192, 1200 (E.D. Cal. 2010) ("Since Plaintiff is uncertain about which

16  defendant was her loan servicer at any given time, her allegations are insufficient to demonstrate

17  that any particular defendant was her loan servicer and was obligated to respond to her QWR.").

18  Second, plaintiff's requests that defendants identify the original creditor of plaintiff's loan do not

19  qualify as QWRs because they do not relate to the servicing of plaintiff's loan.  Finally, plaintiff

20  does not allege that she suffered any actual, pecuniary damage as a result of defendants' alleged

21  violations.  Accordingly, plaintiff has failed to state a claim against any defendant for violation of

22  RESPA.

23
---

[4] Plaintiff's causes of action repeat the same factual allegations for each and every defendant. ECF No. 3.  To the extent that plaintiff is alleging each defendant has engaged in the conduct alleged, for example failed to timely respond to her requests and harassed plaintiff at her home, ECF No. 3 at 2, 4, 7, 9, 11, 13–15, 18, 19, 22, 24, 26, the allegations are appropriate.  However, the court warns plaintiff that she must allege specific facts applicable to each defendant individually.  See Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) ("A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights.").

28

1  II.     The Fair Debt Collection Practices Act & the Rosenthal Fair Debt Collection Practices
2          Act

3  Plaintiff fails to state a claim for violation of either the FDCPA or the RFDCPA against defendants because she does not allege that defendants are debt collectors within the meaning of either act; nor does she specify what conduct defendants engaged in that violated the acts.

Congress created the FDCPA to protect consumers from unfair and deceptive debt collection practices. See 15 U.S.C. § 1692 *et seq.* The FDCPA, however, only applies to "debt collectors," which it defines as: (1) "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts," and (2) any person "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The definition of "debt collector" under the RFDCPA is broader than under the FDCPA and includes any person who, "in the ordinary course of business," collects a debt "on behalf of himself or herself or others." See Cal. Civ. Code § 1788.2(c). A complaint that does not allege the defendant is a debt collector fails to state a claim under both the FDCPA and the RFDCPA. 15 U.S.C. § 1692a(6); Cal. Civ. Code § 1788.2(c); see also Izenberg, 589 F. Supp. 2d at 1199. Plaintiff does not allege that defendants are debt collectors.

Plaintiff also does not allege facts sufficient to state claims under either the FDCPA or the RFDCPA. Plaintiff alleges conduct by defendants including requesting the address of her place of employment, threatening to garnish her wages, "trespassing" on her property in order to take photographs, and failing to provide validation of the debt within five days of contacting her. ECF No. 3 at 2. Plaintiff alleges that such conduct violates provisions of the FDCPA prohibiting false and misleading representations, 15 U.S.C. § 1692e, and requiring the validation of debts, § 1692g. Plaintiff also alleges that defendants' conduct violates the RFDCPA under California Civil Code § 1788.17, which incorporates most of the FDCPA. See Lopez Reyes v. Kenosian & Miele, LLP, 525 F. Supp. 2d 1158, 1164 (N.D. Cal. 2007). However the conduct alleged by plaintiff is not, in and of itself, prohibited by the FDCPA or the RFDCPA. None of the conduct plaintiff alleges is necessarily dishonest or misleading and Section 1692g does not require debt collectors to provide

5

1 proof of a debt within five days of contacting a borrower.[5]

2 Accordingly, plaintiff has failed to state a claim for violation of either the FDCPA or the
3 RFDCPA.

4 III. Replevin

5 Plaintiff also brings a claim for replevin against defendant U.S. Bank, N.A. "In federal
6 courts, replevin is a remedy specifically approved by rule, as governed by the appropriate state
7 law." Adler v. Taylor, No. CV 04-8472-RGK(FMOX), 2005 WL 4658511, at *3 (C.D. Cal. Feb.
8 2, 2005) aff'd sub nom., Orkin v. Taylor, 487 F.3d 734 (9th Cir. 2007). "For specific recovery,
9 Plaintiff[] only need show (1) a right to possession of the property, and (2) [defendants']
10 wrongful possession." Id. (citing Cal. Civ. Code § 3379). Plaintiff requests that the court order
11 U.S. Bank, N.A. to return the property at 3305 Chasen Drive, El Dorado, California to her. ECF
12 No. 3 at 27. However, as the court has already explained, plaintiff has not alleged facts sufficient
13 to state a claim that would establish her right to possession of the property. Plaintiff also seems to
14 allege that U.S. Bank, N.A. has wrongfully acquired possession of the property's promissory
15 note, ECF No. 3 at 28. However, in California even a complete absence of the promissory note
16 will not render a foreclosure invalid. Herrejon v. Ocwen Loan Servicing, LLC, 980 F. Supp. 2d
17 1186, 1200 (E.D. Cal. 2013) (citing Cal. Civ. Code § 2924 (a)(1)). Accordingly, plaintiff has not
18 alleged facts establishing a claim for replevin.

19 IV. Amendment

20 If plaintiff chooses to amend her complaint, she must allege in specific terms how
21 defendants are involved and include a short and plain statement of the facts as required by Federal
22 Rule of Civil Procedure 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a

23

---

[5] Section 1692g does require that debt collectors provide borrowers, within five days of first contacting them, a document stating that they will provide the name and address of the original creditor if requested. 15 U.S.C. § 1692g. The debt collector must supply the borrower with the contact information of the original creditor as long as the borrower makes her request within thirty (30) days of the debt collector's first contact. Id. Although plaintiff does allege that she requested the identity of the original creditor, ECF No. 3 at 6, she never alleges that she did so within thirty (30) days of the debt collector's first contact.

complaint must give fair notice and state the elements of the claim plainly and succinctly. <u>Jones v. Community Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984). The court has determined that plaintiff's complaint does not meet this requirement.

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is granted;

2. Plaintiff's complaint is dismissed; and

3. Plaintiff is granted thirty (30) days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint;" plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED: January 14, 2015

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE